LEONG KAU and LAM YIP, forming firm of YEE HOP & CO., vs. C. MONTING and .thirteen others, comprising the firm of WING HONG WAI CO.

In Equity. Appeal from Decree of Mr. Justice Bickerton.

October Term, 1888.

Judd, C.J., McCully, Preston, Bickerton and Dole, JJ.

To justify the reformation of a written contract, the mistake must be clearly proved.

The clause in a partnership agreement, that "Each partner holding more than one share shall furnish a workman for each share over and above the initial share ;" "Initial share" construed to mean the "Original interest" which the partners had at the formation of the partnership.

Held, that as the articles of partnership provide that plaintiffs are to furnish but one workman for their two original shares of $600 each, the reformation of the partnership articles to effect this is denied, reversing Bickerton, J.

The construction of the articles of partnership could be raised by the answer in a former suit, and the cross-bill was unnecessary.

Opinion of the Court, by Judd, C.J. Mr. Justice Bickerton, Dissenting.

This is a so-called cross-bill in the suit of C. Monting et al. vs. Leong Kau et al., praying for the reformation of certain articles of copartnership made between the parties on the 5th September, 1884. The copartnership capital was $6000, divided into ten "shares," $600 each. The said firm of Yee Hop & Co., plaintiffs, held two shares. The copartnership articles read that the parties to the agreement "will give their attendance and personal labor or furnish substitutes, who shall work in their places and shall be paid by them out of their own private funds, and it is further agreed that each partner holding more than one share shall furnish a workman for each share over and above the initial share, and in the event of said partner's failure to furnish a workman or workmen for said share or

shares, he is to forfeit and pay to the company sixteen dollars per month for each workman not so furnished." It was further agreed that "the members of the said firm of Yee Hop & Co. and the said C. Monting shall not give their personal labor, but furnish substitutes who shall work in their places, and shall be paid by them out of their private funds."

It is claimed in the cross-bill that an agreement in the Chinese characters was first made ·between the parties, in which it was stipulated that the firm of Yee Hop & Co. should only supply one substitute to work in the rice plantation, although holding two shares in the business, and that the articles of copartnership in the English language, thereafter made, only require the plaintiff to furnish one substitute, but that the complainants in the former bill (defendants herein) claim that plaintiffs are required by the articles of copartnership to furnish or pay for two laborers in respect of their two shares.

The Court is prayed that if, on full consideration of the meaning of said English articles, it shall appear that they fail to set forth and contain the true agreement between the parties, the defendants be required to execute an agreement which shall fully express the correct agreement made in the premises, etc.

## By the Court.

It does not seem to us that the evidence adduced brings the case within the rule of equity so as to entitle the plaintiffs to relief. We find the law to be as follows:

" A deed should never be changed by parol, or a slight preponderance of evidence. The Court should be satisfied beyond a reasonable doubt." *Case vs. Peters,* 20 Mich., 303.

" It is well settled that to raise an equity to correct a deed, the mistake must be either admitted or directly proved." *Tripp vs. Hasceig, Id.* 263.

" We recognize a mistake in fact as a ground for equitable jurisdiction ; but relief will only be granted upon clear and satisfactory proof of the mistake in fact." *Ruffner vs. McConnel,* 17 Ill., 215.

"Courts of equity will relieve against mistake, and will correct and reform deeds and instruments of the most solemn character to grant such relief. But when relief is sought from deeds or other writings, the mistake must be clearly proved." *Burqin vs. Giberson,* 26 N. J. Eq.

"This Court has equity jurisdiction in cases of accident and mistake, where the parties have not a plain and adequate remedy at law. Such jurisdiction has often been exercised in this State, in cases where the evidence of the mistake was plenary, and left no doubt in the mind of its existence." *Tucker vs. Madden,* 44 Me., 216.

"The mistake must be admitted or distinctly proved." *Robbins vs. Barron,* 33 Mich., 123.

"But where, in equity, mistake of the parties is expressly charged and put in issue, equity will permit it to be inquired into, and upon strong and satisfactory proof, to be corrected. The evidence must make it clear." *Canedy vs. Marcy,* 13 Gray, 377. Shaw, C. J.

"To entitle a party to the decree of a court of equity, reforming a written instrument, he must show first a plain mistake, clearly made out by satisfactory proofs. Whenever the evidence is loose, equivocal or contradictory, or is in its texture open to doubt or opposing presumptions, the relief will not be granted." *Nevins vs. Dunlap,* 33 N. Y., 681.

"The evidence to show a mistake in a written instrument must be clear and strong, so as to establish the mistake to the entire satisfaction of the Court." *Gillispie vs. Moon,* 2 Johns. Ch., 585, by Ch. Kent.

But we are of opinion that the articles of copartnership may be construed to mean, where they say "each partner holding more than one share shall furnish a workman for each share over and above the initial share," that each partner (treating the firm of Yee Hop & Co. as one partner) shall furnish a workman for each share over and above the initial interest; that is to say, the interest which the partners had at the formation of the partnership, which in the case of Yee Hop & Co., was two of the ten shares of $600 each. 27

The bill does not pray to have this part of the agreement, reformed, both parties apparently resting upon the idea that it means as we have found it to mean.

The clause, further on, that " the members of the said firm of Yee Hop & Co. and the said C. Monting shall not give their personal labor, but furnish substitutes who shall work in their places and shall be paid by them out of their private funds," does not necessarily mean that each member of the firm of Yee Hop & Co. shall furnish a substitute, that is, two men, or one man for each share of $600 held by this firm.

The object of this clause is to exempt Yee Hop & Co. and C. Monting, who live in Honolulu, from the obligation to labor personally in the rice plantation at Waialua, and the use of the plural number in the word " substitutes " is necessary, as it refers to both Yee Hop & Co. and C. Monting, and no more can be implied from this clause than that whatever number of workmen that either Yee Hop & Co. or Monting were required to furnish by that part of the agreement first referred to, should take their places and be paid by them.   The misunderstanding has arisen from the legal anomaly, that an existing partnership (Yee Hop & Co.) is introduced as one member of a new partnership, in which personal services or their equivalent are required of each member of the new firm.

We think this whole matter, to wit: the construction of the articles of copartnership, could have been raised by the answer to the original bill, and the cross-bill rendered unnecessary.

For the reason, therefore, that the articles of copartnership mean that the firm of Yee Hop & Co. are to furnish but one workman for their interest of two parts or shares of $600 each in the firm of Wing Hong Wai Company, we decline to reform the articles.   The decree below is reversed and the cross-bill dismissed, with costs to neither party.

Since writing the foregoing, we have heard and decided the case of C. Monting et al. vs. Leong Kau et al. (plaintiffs in the cross-bill).   (See post, December, 1888.)

This case arose on exceptions to the Master's Report, and among them was one to the refusal of the Master to charge the defendants with the wages of two workmen. This exception was abandoned at the hearing, and the decree confirming the Master's Report finds the defendants chargeable with the wages of only one laborer. The purpose of the cross-bill is accomplished as we have intimated it might be.

*A. S. Hartwell*, for plaintiffs.

*W. R. Castle*, and *W. A. Whiting*, for defendants.

## OPINION OF MR. JUSTICE DOLE.

It is difficult for me to follow the majority of the Court in their construction of the disputed part of the agreement, which reads as follows : " The members of the said firm of Yee Hop & Co., and the said C. Monting, shall not give their personal labor but furnish substitutes who shall work in their places and shall be paid by them out of their private funds." The majority of the Court say that this " does not necessarily mean that each member of the firm of Yee Hop & Co. shall furnish a substitute, that is two men, or one man for each share of $600, held by this firm." If this is correct, it may be asked why the parties to the agreement used the words " the members of the said firm of Yee Hop & Co." instead of saying merely, " the said firm of Yee Hop & Co." The above construction wholly nullifies the effect of the words " the members of," and yet it is clear that the word " members " and not the word " firm " is the subject of the following words " give " and " furnish." It seems to me not only that the above quoted part of the agreement means that each member of the firm of Yee Hop & Co., the plaintiffs, must furnish a substitute, but that any different construction would be a forced one, there being nothing in the context pointing to a different meaning. So far therefore, I do not disagree with the decision appealed from ; but the testimony is not sufficient to my mind to show that a mistake has been made in the agreement. Such testimony, according to the authorities cited in the majority opinion, which I think are to the point, must be pre-

ponderating and must prove beyond a reasonable doubt that a mistake has been made. The testimony in this case is contradictory and does not "establish the mistake to the entire satisfaction of the Court." (*Gillespie vs. Moon*, 2 Johns. Ch., 585.)

It therefore seems to me that the bill should be dismissed.

### DISSENTING OPINION OF MR. JUSTICE BICKERTON.

I fully concur with the final conclusion arrived at by the Court, viz, that the firm of Yee Hop & Co. are to furnish one workman for their interest of two parts or shares of $600 each. With due respect and deference to the opinion of His Honor the Chief Justice and of my Associates, I respectfully dissent from the decision that the English articles should not be reformed (as prayed for in the bill) for the reason that the evidence adduced does not bring the case within the rule of equity, so as to entitle the plaintiff to relief. I concede that the law, as found by the Court and quoted, is correct, and I so understand it, but at the hearing of the case before me the evidence, although contradictory, was of such a nature that it convinced me beyond any doubt, and to my entire satisfaction, that a mistake had been made, and that the English articles failed to set forth and contain the true agreement between the parties, as set forth in the Chinese agreement, which the evidence also convinced me beyond any doubt had been entered into by all the parties. It is certain that the defendants do not understand the articles to be, as the plaintiffs claim they should be, they, the defendants, claiming that Yee Hop & Co. are to furnish two workmen or substitutes. The articles are capable of several constructions in this regard and are therefore uncertain and ambiguous.

Nothing has transpired at this hearing to give me any reason for changing my former opinion on this matter, viz: First. That the Chinese agreement was made and entered into previous to the English articles being drawn and executed. Second. That the English articles do not conform to the Chinese agreement, and do not express clearly and understandingly the true agreement and understanding originally had between the parties, and should therefore be reformed accordingly.